IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SHANE HECTOR, | ) |
|        Plaintiff, | ) |
| v. | ) No. 1:19-cv-01481 (TSE/TCB) |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, | ) |
|        Defendant. | ) |

**JOINT PROPOSED DISCOVERY PLAN**

The parties, through the undersigned counsel, pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, respectfully submit this Joint Proposed Discovery Plan to the Court.

1. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) regarding the conduct of discovery in this case, and they respectfully propose that the Court adopt the schedule and provisions described below.

2. <u>Initial Disclosures</u>. The parties will exchange disclosures required by Fed. R. Civ. P. 26(a)(1)(A) by October 21, 2021.

3. <u>Joinder of Parties</u>. The parties do not anticipate the joinder of additional parties.

4. <u>Amendment of Pleadings</u>. The parties do not anticipate the filing of amended pleadings.

5. <u>Discovery</u>.

    a. Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on January 14, 2022, pursuant to the Court's Order of September 29, 2021 (Dkt. 42).

    b. Interrogatories: Each party may serve to any other party a maximum of thirty (30) interrogatories, including parts and subparts, without leave of court. The objections shall be due fifteen (15) calendar days after service and the answers shall be due thirty (30) calendar days after service.

    c. Depositions: Each party may take a maximum of five (5) non-party, non-expert depositions, without leave of court. Each deposition shall be limited to a

maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or Order of the Court. The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and the parties.

    d.    Protective Order: Should a protective order be appropriate, the parties will confer in good faith to agree on the terms of a draft protective order to propose to the Court.

    e.    Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena or FOIA request that is relevant to this case, the receiving party shall alert the remaining parties to the receipt of such documents within five (5) days of receipt and shall make the received documents available for inspection and copying.

6. Expert Witnesses

    a.    Plaintiff shall disclose any experts who may be called to testify at trial and provide reports or disclosures called for in Fed. R. Civ. P. 26(a)(2)(B) and (C) on or before October 27, 2021.

    b.    The Defendant shall disclose any experts who may be called to testify at trial and provide reports or disclosures called for in Fed. R. Civ. P. 26(a)(2)(B) and (C) on or before November 19, 2021.

    c.    Plaintiff shall forego any rebuttal to the Defendant's disclosures.

    d.    The retention and production of electronic media in the possession of testifying experts retained by the parties shall be governed by the Federal Rules of Civil Procedure.

7. Electronically Stored Information. Electronically-stored information (ESI) may be produced in hard-copy via U.S. mail, or electronically via email, CD/DVD, or USA File Exchange. Producing ESI in native format is not necessary unless the parties agree otherwise with respect to a particular document or class of documents, or unless production in native format is necessary to allow the requesting party to read the document as it was intended to be read (e.g., MS Excel spreadsheets). Where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created or modified, the sender and all recipients on which it is stored), the parties should, upon request related to particular documents, determine – if technologically feasible – that information from the electronic document and provide it to the requesting party.

8. Issues Regarding Privilege.

    a.    Privileged material – effect of disclosure: Any disclosure of privileged, work product protected or other protected information as part of a production is not a waiver in the pending case or in any other federal, state, or administrative

proceeding, mediation, or arbitration. This agreement of the parties and by Order of the Court establishes the parties' intention to retain the confidentiality of all privileged materials pursuant to Federal Rule of Evidence 502, regardless of the circumstances of disclosure, and otherwise afford the maximum protection allowed by Federal Rule of Evidence 502(d) and (e) and analogous law and rules of any other state or court. If such documents are identified, the receiving party will cease review of the inadvertent production, promptly return such documents to the disclosing party and destroy all copies of the material, and provide the disclosing party with timely written notice that such material has been destroyed. If a dispute arises concerning a claim of privilege for any material, the material shall not be used for any purpose until the dispute is resolved by the Court.

b. Privilege Logs: Unless otherwise agreed, the parties shall serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) no later than ten business days after the time to produce responsive documents under Federal Rule 34. The privilege log shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information; (c) the recipient(s) of the privileged information; (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege. Communications between trial counsel and their respective clients are not subject to discovery absent a specific need shown and order of the Court, and therefore no privilege log is required for such communications.

c. Privileged communications between counsel, or between parties and their counsel: The parties agree that they shall not seek discovery of documents created after the filing of Plaintiff's administrative claim that are privileged because they are sent solely between counsel for either party, or that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log.

d. Defendant takes the position that with respect to discovery of electronic documents, certain technical matters regarding the functioning and capabilities of the United States Department of Homeland Security ("DHS") systems are privileged, law enforcement sensitive, and, in some circumstances, such information may be classified or fall under one of the categories of Sensitive Security Information, 49 C.F.R. Part 1520. Pursuant to Federal Rule of Civil Procedure 26(b)(1), and subject to privilege and classification objections, DHS, by and through undersigned counsel and other representatives, will utilize best efforts to disclose all material that is relevant to any party's claims or defenses and proportional to the needs of this case. To the extent DHS withholds any information or any document (in whole or in part) on the basis of privilege, law enforcement sensitivity, or classified status, DHS will produce a log in the same form and substance identified in Paragraph 8(b) herein. The parties reserve their rights to seek any and all discovery to which they are entitled under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia and Plaintiff does not waive the right to seek or compel production of documents withheld by DHS pursuant to a privilege under this Paragraph.

3

9. <u>Preservation and Retention of Documents</u>. Counsel for the parties have instructed their clients to retain and preserve documents, information, and things (including ESI) that may be relevant to the subject matter of this lawsuit.

10. <u>Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses</u>. All pleadings, motions, and other papers that are filed are to be served electronically as provided for by the Federal Rules and the Local Rules. In addition, the parties agree that they will serve by email all discovery requests and written responses and any other papers that are not filed, unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery.

11. <u>Deposition Designations</u>. Pursuant to Rule 26(a)(3)(A)(ii), deposition designations must be filed fourteen (14) days before trial, with objections due seven (7) days later.

12. <u>Settlement</u>. The parties discussed settlement during the administrative stage and were not able to reach a resolution. The parties remain open to settling the case. If the parties reach a point where they believe that their discussions may be aided by a settlement conference with the presiding Magistrate Judge, they will arrange to schedule such a conference at a time convenient for the Court.

13. <u>Trial Before Magistrate</u>. The parties do not consent to the trial of this matter by a United States Magistrate Judge.

14. <u>Waiver of Rule 16(b) Pretrial Conference</u>. Because the parties are in agreement on the Joint Proposed Discovery Plan, the parties, through counsel, jointly request that the Rule 16(b) Initial Pretrial Conference scheduled for October 20, 2021, at 11 a.m. be canceled.

Dated: October 12, 2021

Respectfully submitted,

| /s/ | JESSICA D. ABER |
|---|---|
| Gregory Melus, Esq. | UNITED STATES ATTORNEY |
| TULLY RINCKEY, PLLC | |
| 2001 L St. NW, Suite 902 | /s/ |
| Washington, DC 20190 | ELIZABETH A. SPAVINS |
| Phone: (202) 375-2211 | Assistant United States Attorney |
| Fax: (202) 640-2059 | Office of the United States Attorney |
| Email: gmelus@tullylegal.com | Justin W. Williams U.S. Attorney's Building |
| *Counsel for Plaintiff* | 2100 Jamieson Avenue |
| | Alexandria, Virginia 22314 |
| | Tel: (703) 299-3785 |
| | Fax: (703) 299-3983 |
| | Email: lizzie.spavins@usdoj.gov |
| | *Counsel for Defendant* |